# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

KYMBERLIE NGUYEN,

     **PLAINTIFF,**

v.                              CASE NO.:

DYNAMIC PAIN & WELLNESS, LLC.,

     **DEFENDANT.**

_____/

## COMPLAINT

Plaintiff, KYMBERLIE NGUYEN, (hereinafter referred to as "NGUYEN" or "PLAINTIFF"), by and through her undersigned attorney, sues the Defendant, DYNAMIC PAIN & WELLNESS, LLC. (hereinafter referred to as "DPW" or "DEFENDANT"), and alleges as follows:

### *JURISDICTION AND VENUE*

1.    Plaintiff brings this action to remedy discrimination and retaliation on the basis of race and national origin discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

1.    Jurisdiction is conferred upon the Court pursuant to Section 16(b) of

1

the FLSA, as amended, 29 U.S.C. § 216(b), and the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

3.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

4.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

5.      Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201918268) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201900436) on February 19, 2019. On August 18, 2019, more than 180 days lapsed since Plaintiff's charge of discrimination was filed and the FCHR had not concluded its investigation nor made a determination as required pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested a Right

to Sue notice from the EEOC which was received by Plaintiff on October 21, 2019.

## *PARTIES*

6.      Plaintiff is an Asian American female and a citizen of the State of Florida and a resident of Santa Rosa County who resides in Pace, Florida. Plaintiff worked for defendant as a procedure tech from March 17, 2018, until her unlawful termination on January 17, 2019.

7.      Defendant, Dynamic Pain & Wellness, LLC. is a for profit multidisciplinary medical pain and wellness practice. Defendant is an employer within the meaning of Title VII, the FCRA, as it employs in excess of 15 employees.

## *FACTS*

8.      Plaintiff is an Asian female.

9.      Plaintiff was the only Asian employed by Defendant, *DYNAMIC Pain & Wellness, LLC.* ("DPW").

10.      Defendant, Dynamic Pain & Wellness, LLC. is a for profit multidisciplinary medical pain and wellness practice.

11.      Defendant is an employer within the meaning of Title VII, the Florida Civil Rights Act ("FCRA"), as it employs in excess of 15 employees.

12.      Plaintiff was employed by Defendant from March 17, 2018, until her unlawful termination on January 17, 2019.

13.    Plaintiff worked in Defendant's Milton office as a procedure technician.

14.    Plaintiff performed the duties of her position as a procedure technician in a more than satisfactory manner.

15.    During Plaintiff's yearlong employment with Defendant, she received multiple raises within 4 a month period because of her performance.

16.    About six or seven months after Plaintiff's began her employment with Defendant, she began working with and on occasion trained Lindsey Henderson (white female).

17.    In the fall of 2018, a patient came into Defendant's Milton office for an appointment.

18.    After the appointment and upon check out the patient started to use racially derogatory terms with Plaintiff by calling her a "chink".

19.    The term "chink" is considered a racist and offensive term used to humiliate and demean individuals of Chinese or Asian decent or origin.

20.    After the exchange with the patient several of Plaintiff's co-workers, including Lindsey Henderson began calling Plaintiff a chink.

21.    Plaintiff took great offense to being called a chink by Ms. Henderson and her other co-workers.

22.    Plaintiff reported this discriminatory behavior to the Defendant's

4

Milton office's float lead/ office manager, Kathy Corbin (white female).

23.     Ms. Corbin did not do anything to stop this offensive and harassing behavior by Ms. Henderson or the other office personnel.

24.     Plaintiff also reported to Ms. Corbin that Ms. Henderson would sexually harass patients and staff members.

25.     When Ms. Corbin did not do anything after these incidents had been reported to her, Plaintiff reported the incidents to Jason Black, (white male) the next level management.

26.     As with Ms. Corbin, nothing was done at the time to investigate the complaints or remedy the discriminatory behavior.

27.     A fellow coworker who was also appalled at Ms. Henderson's discriminatory behavior anonymously, out of fear of retaliation, e-mailed Mr. Black to let him know what was going on.

28.     All Mr. Black did was forward the e-mail to Ms. Henderson.

29.     Defendant knew Plaintiff reported harassing and discriminatory behavior, yet it and continued to allow Plaintiff's co-workers to call her a chink and use other racially derogatory terms towards her.

30.     After Plaintiff reported these clearly discriminatory acts and objected to these acts continuing, Plaintiff was targeted and retaliated against by Ms. Henderson.

31.    One day in early November 2018, Ms. Henderson came into the procedure room and started to harass me and calling me names.

32.    She again began calling Plaintiff a chink and kept referencing that "it was because Plaintiff was Asian".

33.    Plaintiff again called Ms. Corbin to report Ms. Henderson's behavior.

34.    Apparently Ms. Corbin informed Ms. Henderson of Plaintiff's complaints.

35.    Ms. Henderson began harassing Plaintiff even harder.

36.    Every time Plaintiff would walk past Ms. Henderson she would make remarks like "sucky sucky" (making fun of Asians).

37.    On January 17, 2019, the day Plaintiff was terminated, Plaintiff received an e-mail for a "random" drug test.

38.    Plaintiff went back in the procedure room to message the other techs that she needed to leave.

39.    Plaintiff did not leave work right away to go for the test because she had a patient lying in the prone position, prepped and ready for the procedure table.

40.    As a medical assistant, if Plaintiff would've left immediately with the patient on the table, she would have been held accountable if anything happened.

41.    The following day, Plaintiff came into work and was asked to sit down with Ms. Corbin and Ms. Henderson where she was given a write up to sign.

42.    Plaintiff asked Ms. Corbin if she could have a copy of the write up and Ms. Corbin refused.

43.    Plaintiff was subsequently terminated.

44.    Plaintiff was the only one who has been "randomly" drug tested by Defendant.

45.    Defendant has a policy that prohibits conduct or behavior such as derogatory comments, epithets, slurs or any other unwelcome behavior based on legally protected status, race, color and national origin that has the purpose or effect of creating or contributing to an offensive or hostile work environment.

46.    Plaintiff reported this discrimination to members to senior management on multiple occasions and all her complaints were ignored.

47.    Defendant has an anti-retaliation policy for making harassment reports.

48.    Nevertheless, on January 17, 2019, Plaintiff's employment with Defendant was terminated for reporting the national origin discrimination and sex harassment.

## FIRST CAUSE OF ACTION
### (RACE DISCRIMINATION - 42 U.S.C. § 1981)

49.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set forth herein.

50.     This is an action to remedy discrimination on the basis of Plaintiff's race in the terms, conditions, and privileges of his employment with Defendant in violation of the race in violation of 42 U.S.C. § 1981.

51.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 1981.

52.     At all times material hereto, Defendant was an employer within the meaning of race in violation of 42 U.S.C. § 1981.

53.     Plaintiff belongs to a protected class as she is of Asian descent.

54.     Plaintiff was employed by Defendant as a procedure tech and was more than qualified to perform as she did perform the duties and responsibilities of a procedure tech for Defendant in a satisfactory manner.

55.     Plaint was subjected to an adverse employment action;

56.     Plaintiff suffered an adverse employment action in that she was terminated on January 17, 2019.

57.     Defendant treated similarly situated white employees more favorably than Plaintiff.

58.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him because of his race.

59.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under 42 U.S.C. § 1981.

60.    As a result of the Defendant's violations of the 42 U.S.C. § 1981, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

61.    As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

62.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

63.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981.

## SECOND CAUSE OF ACTION
(Race RETALIATION - 42 U.S.C. § 1981)

64.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set

forth herein.

65.    This is an action to remedy retaliation by the Defendant in violation of 42 U.S.C. § 1981.

66.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 1981.

67.    At all times material hereto, Defendant was an employer within the meaning of 42 U.S.C. § 1981.

68.    Plaintiff engaged in statutorily protected expression when she reported being called a chink and other racially derogatory terms by a patient and her fellow co-workers to her supervisor, Kathy Corbin.

69.    After engaging in the protected activity of reporting the racially derogatory terms Plaintiff suffered an adverse employment action when she was terminated on January 17, 2019.

70.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

71.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under 42 U.S.C. § 1981, and such action clearly constituted a prohibited employment practice, contrary to the public policy of 42 U.S.C. § 1981.

72.     As a result of the Defendant's violations of 42 U.S.C. § 1981, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

73.     As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

74.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

75.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981.

THIRD CAUSE OF ACTION
(NATIONAL ORIGIN DISCRIMINATION - 42 U.S.C. § 1981)

76.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

77.     This is an action to remedy discrimination on the basis of Plaintiff's

national origin in the terms, conditions, and privileges of his employment with Defendant in violation of the national origin in violation of 42 U.S.C. § 1981.

78.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 1981.

79.    At all times material hereto, Defendant was an employer within the meaning of national origin in violation of 42 U.S.C. § 1981.

80.    Plaintiff belongs to a protected class as she is of Asian descent.

81.    Plaintiff was employed by Defendant as a procedure tech and was more than qualified to perform as she did perform the duties and responsibilities of a procedure tech for Defendant in a satisfactory manner.

82.    Plaint was subjected to an adverse employment action;

83.    Plaintiff suffered an adverse employment action in that she was terminated on January 17, 2019.

84.    Defendant treated similarly situated white employees more favorably than Plaintiff.

85.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him because of his national origin.

86.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under 42 U.S.C. § 1981.

87.     As a result of the Defendant's violations of the 42 U.S.C. § 1981, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

88.     As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

89.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

90.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981.

## FOURTH CAUSE OF ACTION
(NATIONAL ORIGIN RETALIATION - 42 U.S.C. § 1981)

91.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set forth herein.

92.     This is an action to remedy retaliation by the Defendant in violation of

42 U.S.C. § 1981.

93.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 1981.

94.    At all times material hereto, Defendant was an employer within the meaning of 42 U.S.C. § 1981.

95.    Plaintiff engaged in statutorily protected expression when she reported being called a chink and other racially derogatory terms by a patient and her fellow co-workers to her supervisor, Kathy Corbin.

96.    After engaging in the protected activity of reporting the racially derogatory terms Plaintiff suffered an adverse employment action when she was terminated on January 17, 2019.

97.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

98.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under 42 U.S.C. § 1981, and such action clearly constituted a prohibited employment practice, contrary to the public policy of 42 U.S.C. § 1981.

99.    As a result of the Defendant's violations of 42 U.S.C. § 1981, the Plaintiff has been substantially damaged, in that he has lost wages, associated job

benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

100.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

101.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

102.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981.

## FIFTH CAUSE OF ACTION
### (RACE DISCRIMINATION – TITLE VII)

103.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

104.   This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the race in violation of Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

105.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

106.   At all times material hereto, Defendant was an employer within the meaning of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

107.   Plaintiff belongs to a protected class as she is of Asian descent.

108.   Plaintiff was employed by Defendant as a procedure tech and was more than qualified to perform as she did perform the duties and responsibilities of a procedure tech for Defendant in a satisfactory manner.

109.   Plaint was subjected to an adverse employment action;

110.   Plaintiff suffered an adverse employment action in that she was terminated on January 17, 2019.

111.   Defendant treated similarly situated white employees more favorably than Plaintiff.

112.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him for engaging in a protective activity.

113.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

114.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

115.   As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

116.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

117.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

## SIXTH CAUSE OF ACTION
(RACE RETALIATION – TITLE VII)

118.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set forth herein.

119.   This is an action to remedy retaliation by the Defendant in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

120.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

121.   At all times material hereto, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

122.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

123.   Plaintiff engaged in statutorily protected expression when she reported being called a chink and other racially derogatory terms by a patient and her fellow co-workers to her supervisor, Kathy Corbin.

18

124.   After engaging in the protected activity of reporting the racially derogatory terms Plaintiff suffered an adverse employment action when she was terminated on January 17, 2019.

125.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, and such action clearly constituted a prohibited employment practice, contrary to the public policy of Title VII.

126.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

127.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

128.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

129.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

SEVENTH CAUSE OF ACTION
(NATIONAL ORIGIN - DISCRIMINATION – TITLE VII)

130.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set forth herein.

131.   This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

132.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

133.   At all times material hereto, Defendant was an employer within the meaning of national origin in violation of Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

134.   Plaintiff belongs to a protected class as she is of Asian descent.

135.   Plaintiff was employed by Defendant as a procedure tech and was more than qualified to perform as she did perform the duties and responsibilities of a procedure tech for Defendant in a satisfactory manner.

136.   Plaint was subjected to an adverse employment action;

137.   Plaintiff suffered an adverse employment action in that she was terminated on January 17, 2019.

138.   Defendant treated similarly situated white employees more favorably than Plaintiff.

139.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity.

140.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

141.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

142.   As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

143.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

144.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

<u>EIGHTH CAUSE OF ACTION</u>
(NATIONAL ORIGIN RETALIATION – TITLE VII)

145.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set forth herein.

146.   This is an action to remedy retaliation by the Defendant in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et*

*seq.,* the Civil Rights Act of 1991.

147.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

148.   At all times material hereto, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

149.   Plaintiff engaged in statutorily protected expression when she reported being called a chink and other racially derogatory terms by a patient and her fellow co-workers to her supervisor, Kathy Corbin.

150.   After engaging in the protected activity of reporting the racially derogatory terms Plaintiff suffered an adverse employment action when she was terminated on January 17, 2019.

151.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

152. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991,

and such action clearly constituted a prohibited employment practice, contrary to the public policy of Title VII.

153.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

154.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

155.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

156.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

NINTH CAUSE OF ACTION
(NATIONAL ORIGIN - DISCRIMINATION – FCRA)

157.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set forth herein.

158.   This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

159.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

160.   At all times material hereto, Defendant was an employer within the meaning of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

161.   Plaintiff belongs to a protected class as she is of Asian descent.

162.   Plaintiff was employed by Defendant as a procedure tech and was more than qualified to perform as she did perform the duties and responsibilities of a procedure tech for Defendant in a satisfactory manner.

163.   Plaint was subjected to an adverse employment action;

164.   Plaintiff suffered an adverse employment action in that she was terminated on January 17, 2019.

165.   Defendant treated similarly situated white employees more favorably than Plaintiff.

166.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him for engaging in a protective activity.

167.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

168.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

169.   As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

170.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

171.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

TENTH CAUSE OF ACTION
(NATIONAL ORIGIN RETALIATION – FCHR)

172.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set forth herein.

173.   This is an action to remedy retaliation by the Defendant in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

174.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

175.   At all times material hereto, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

176.   Plaintiff engaged in statutorily protected expression when she reported being called a chink and other racially derogatory terms by a patient and her fellow co-workers to her supervisor, Kathy Corbin.

177.   After engaging in the protected activity of reporting the racially derogatory terms Plaintiff suffered an adverse employment action when she was terminated on January 17, 2019.

178.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

179. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, and such action clearly constituted a prohibited employment practice, contrary to the public policy of Title VII.

180.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the

wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

181.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

182.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

183.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

ELEVENTH CAUSE OF ACTION
(RACE DISCRIMINATION – FCHR)

184.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set forth herein.

185.   This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the race in violation of Title VII of the Civil Rights Act

29

of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

186.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

187.   At all times material hereto, Defendant was an employer within the meaning of race in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

188.   Plaintiff belongs to a protected class as she is of Asian descent.

189.   Plaintiff was employed by Defendant as a procedure tech and was more than qualified to perform as she did perform the duties and responsibilities of a procedure tech for Defendant in a satisfactory manner.

190.   Plaint was subjected to an adverse employment action;

191.   Plaintiff suffered an adverse employment action in that she was terminated on January 17, 2019.

192.   Defendant treated similarly situated white employees more favorably than Plaintiff.

193.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity.

194. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

195. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

196. As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

197. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

198. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## TWELFTH CAUSE OF ACTION
(RACE RETALIATION – FCHR)

199.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this complaint with the same force and effect as if set forth herein.

200.   This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

201.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

202.   At all times material hereto, Defendant was an employer within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

203.   Plaintiff engaged in statutorily protected expression when she reported being called a chink and other racially derogatory terms by a patient and her fellow co-workers to her supervisor, Kathy Corbin.

204.   After engaging in the protected activity of reporting the racially derogatory terms Plaintiff suffered an adverse employment action when she was terminated on January 17, 2019.

205.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

206. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the FCRA.

207.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

208.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

209.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

210.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)     Declaring the acts and practices complained of herein are in violation of Title VII; the Florida Civil Rights Act (FCRA) and 42 U.S.C. § 1981;

b)     Enjoining and permanently restraining those violations of Title VII; the Florida Civil Rights Act (FCRA) and 42 U.S.C. § 1981;

c)     Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)     Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other

lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: January 15, 2020.          By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
R. JOHN WESTBERRY
Florida Bar No.: 244661
Email: rjw@westconlaw.com
**WESTBERRY & CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff:
Kymberlie Nguyen